# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE DALLAS MCKINNEY, JR., <br><br> Plaintiff, <br><br> v. <br><br> CITI RESIDENTIAL LENDING INC.; QUALITY LOAN SERVICE CORPORATION; CITIMORTGAGE, INC.; ASSET SENTRY, A LEGAL CORPORATION, TRUSTEE, UTA 5848-131029 TRUST DATED 10/28/13; LAURUS GROUP, INC.; and DOES 1-50, inclusive, <br><br> Defendants. | Case No.: 15cv307-MMA (WVG) <br><br> **ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER** <br><br> [Doc. No. 27] |

Plaintiff George Dallas McKinney, Jr. ("Plaintiff") has filed a Complaint against Defendants Citi Residential Lending, Inc. ("Citi Lending"), Quality Loan Service Corporation ("Quality Loan"), CitiMortgage, Inc. ("CitiMortgage"), Asset Sentry, a legal corporation as trustee, UTA 5848-131209 trust dated 10/28/13 ("Asset Sentry"), and Laurus Group, Inc. ("Laurus"), alleging, among other things, fraud and deceit, wrongful foreclosure, violation of the Fair Housing Act, and violation of California's Unfair Competition Law. Doc. No. 1. Plaintiff now seeks a temporary restraining order, apparently to prevent the execution of a writ of possession and lockout.

//

## BACKGROUND

Plaintiff's residence at 5848 Arboles Street, San Diego, California 92120 (the "property") was sold at a foreclosure sale on in late 2013.[1]  *See* Doc. Nos. 1, 27. Plaintiff filed this action against Defendants on February 12, 2015.  Doc. No. 1.  On June 17, 2015, Defendant Quality Loan filed a motion to dismiss for failure to state a claim. Doc. No. 5.  On June 25, 2015, Defendants Citi Lending and CitiMortgage also filed a motion to dismiss for failure to state a claim.  Doc. No. 7.  Defendant Asset Sentry subsequently joined in the June 25, 2015, motion to dismiss.  Doc. No. 10.  On December 3, 2015, the Court granted the motions to dismiss, and ordered Plaintiff to file his first amended complaint, if any, within 14 days of the Order.[2]  Doc. No. 18.

Plaintiff did not file an amended complaint.  Accordingly, on January 8, 2016, Defendants Citi Lending and CitiMortgage filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) for failure to amend the complaint within the time allowed by the Court.  Doc. No. 20.  Defendant Quality Loan joined in the motion, Doc. No. 21, and on January 11, 2016, Defendant Asset Sentry filed a similar motion to dismiss, Doc. No. 22.  The Court took the unopposed motions to dismiss under submission on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1 on February 3, 2016.  Doc. No. 23.  On February 8, 2016, Plaintiff substituted in new counsel.  *See* Doc. Nos. 24, 28.  It appears that Plaintiff has continued to reside at the property since it was sold in 2013, and now seeks an ex parte temporary restraining order retraining the San Diego County Sheriff's Department from evicting Plaintiff from the property.  Doc. No. 27.  Plaintiff filed a motion to set aside judgment pursuant to Federal Rule of Civil procedure 60(b), but withdrew the motion shortly thereafter.  *See* Doc. Nos. 25, 26.

---

[1] Although Plaintiff asserts in his application that his home was sold on November 6, 2013, the Trustee's Deed Upon Sale attached as exhibit I to Plaintiff's complaint indicates that the property was sold at public auction on October 29, 2013.

[2] On December 8, 2015, the Court issued an Amended Order Granting Motions to Dismiss solely for the purpose of clarifying that Plaintiff's claim under the Fair Housing Act was dismissed without prejudice, and not *with* prejudice.  Doc. No. 19.

1  Plaintiff has not refiled her motion.  Defendant Asset Sentry filed an opposition to
2  Plaintiff's ex parte application for temporary restraining order on February 9, 2016.  Doc.
3  No. 29.

## LEGAL STANDARD

A temporary restraining order ("TRO") may be granted upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  The purpose of such an order, as a form of preliminary injunctive relief, is to preserve the status quo and prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).  A request for a TRO is evaluated by the same factors that generally apply to a preliminary injunction.  *See Stuhlbarg Int'l. Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  However, a TRO is an "extraordinary remedy" and is "never granted as of right," *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  Instead, the moving party bears the burden of demonstrating that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.  Although a plaintiff must satisfy all four of the requirements set forth in *Winter*, this Circuit employs a sliding scale whereby "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).  Accordingly, if the moving party can demonstrate the requisite likelihood of irreparable harm and show that an injunction is in the public interest, a preliminary injunction may issue so long as there are serious questions going to the merits and the balance of hardships tips sharply in the moving party's favor. *Id.*

## DISCUSSION

As a preliminary matter, Plaintiff's TRO application was filed without notice to Defendants, and Plaintiff's attorney does not certify in writing her "efforts made to give

notice and the reasons why it should not be required" pursuant to Federal Rule of Civil Procedure 65(b)(1)(B).  Plaintiff also fails to include "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  For instance, the affidavits from Plaintiff's son and Plaintiff's attorney fail to state that Plaintiff George Dallas McKinney Jr. currently resides at the property, or that Plaintiff will be evicted from the property.  Accordingly, Plaintiff's application must be denied on these grounds alone.

Furthermore, Plaintiff's application for TRO appears to be based solely on "the pending Motion to pursuant to Rule 60(b)."  However, there is no pending motion, as Plaintiff withdrew her motion shortly after filing, and has not refiled.  *See* Doc. Nos. 25, 26.  Therefore, Plaintiff fails to meet his burden to demonstrate that any of the *Winter* factors are met.  Even were Plaintiff to file a Rule 60(b) motion, it is unclear what Order Plaintiff would be seeking relief from.  *See generally* 21A Fed. Proc., L. Ed. § 51:127 ("The term 'final' applies to orders and proceedings as well as judgments, and limits the applicability of Rule 60(b) to judgments and orders which have been entered and which are independently 'final decisions' under 28 U.S.C.A. § 1291, the statute providing appellate review of final decisions of District Courts.").

Additionally, the Anti-Injunction Act forbids a federal court from enjoining or staying state court proceedings "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.  The exceptions to the Anti-Injunction Act are narrowly construed and "doubts as to the propriety of a federal injunction against a state court proceeding should be resolved in favor of permitting the state action to proceed." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).  A request for a TRO enjoining a state court unlawful detainer action does not fall into one of the exceptions listed in the Act.  *See e.g.*, *Sato v. Wachovia Mortgage, FSB*, 2012 WL 368423, *2 (N.D. Cal. Feb. 3, 2012); *Diaz v.*

*National City Bank*, 2012 WL 2129916, *1 (S.D. Cal. Jun. 12, 2012).  Accordingly, it appears the injunctive relief sought here is prohibited by the Anti-Injunction Act.

## CONCLUSION

For the reasons set forth above, Plaintiff's ex parte application for TRO, Doc. No. 27, is **DENIED**.

**IT IS SO ORDERED.**

Dated:  February 9, 2016

Hon. Michael M. Anello
United States District Judge